IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN RIAPOS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 1:13-cv-596-TCB-JSA |
| | ) | |
| SUNTRUST BANK, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

*(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.*

This is an action for pregnancy-based discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as for breach of contract, or alternatively, promissory estoppel. Plaintiff Karen Riapos was employed by Defendant SunTrust Bank ("SunTrust") from approximately October 2005 until approximately April 2008, and she returned to work for SunTrust again from approximately March 2010 until approximately November 4, 2011. Ms. Riapos became pregnant in or around September 2010, and she was placed on hospital bed rest from approximately January 20, 2011 until approximately April 13, 2011, when she returned to work. During that time, she gave birth prematurely to twins; unfortunately, one of her sons did not survive, and the other was placed in the hospital's neo-natal intensive care unit ("NICU") for approximately five months, until July 31, 2011.

When Ms. Riapos returned to work in April 2011, she spoke with her supervisors about her desire to take a period of maternity leave when she was able to bring her son home from the hospital. SunTrust agreed to Ms. Riapos's request

for leave, subject to the condition that she be available during her leave and agree to return to work if she was needed.  Ms. Riapos agreed to that condition.  She took what was referred to as her maternity leave from approximately August 4, 2011 through October 2, 2011, a period of approximately 8 weeks.  During that time, she remained available and received no complaints about her job performance or her availability.  However, on November 4, 2011, approximately one month after she returned to work on a full-time basis, she was terminated without any warning.  The only explanation she was given was that SunTrust "lacked the faith that [she] could do [her] job at the level [SunTrust] expected."  Although Ms. Riapos asked for further explanation, her supervisor refused to (or could not) elaborate.  Ms. Riapos had never been placed on a performance improvement plan (which is SunTrust's usual approach to addressing performance issues), nor had she been made aware of any performance problems that would justify termination.

Ms. Riapos seeks compensatory damages for her economic and non-economic damages, including an award of back pay, as well as an award of her reasonable attorneys' fees and expenses of litigation.

*(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.*

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and interpretive case law.

Georgia statutory and case law governing the formation, enforcement, and breaches of contractual agreements.

Georgia statutory and case law governing the doctrine of promissory estoppel.

SunTrust policies and procedures regarding, *inter alia*, FMLA or other maternity leave, employee discipline, terminations, and sex- or pregnancy-based discrimination.

*(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the*

*subjects of the information. (Attach witness list to Initial Disclosures as Attachment                                                                                    A.)*

See Attachment A.

*(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)*

See Attachment B.

*(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

See Attachment C.

*(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

See Attachment D.

*(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this cation or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

See Attachment E.

*(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.*

None, to Plaintiff's knowledge.

This 6th day of June, 2013.

*s/ Jennifer K. Coalson*

A. Lee Parks, Jr.
Georgia Bar No. 563750
Andrew Y. Coffman
Georgia Bar No. 173115
Jennifer K. Coalson
Georgia Bar No. 266989

Parks, Chesin & Walbert, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Phone: (404) 873-8000
Fax: (404) 873-8050
lparks@pcwlawfirm.com
acoffman@pcwlawfirm.com
jcoalson@pcwlawfirm.com

*Counsel for Plaintiff*

**ATTACHMENT A**
**to Plaintiff's Initial Disclosures**

In response to item number (3), Plaintiff identifies the following as individuals likely to have discoverable information that Plaintiff might use to support her claims, and the anticipated subjects of such information. Plaintiff's investigation is continuing and this list will be updated prior to trial.

1. Plaintiff Karen Riapos, who has knowledge concerning all the facts alleged in her Complaint. Ms. Riapos may be contacted through undersigned Counsel.

2. Current or former SunTrust employees identified in Plaintiff's complaint, and whose current contact information is unknown to Plaintiff at this time but believed to be known to SunTrust, including Amanda LaHaie, Michael Eads, Lin Bennett, and Charlene Keeney.

**Attachment B**
**to Plaintiff's Initial Disclosures**

In response to item number (4), Plaintiff states that at this time, she has not retained any expert witness.  Plaintiff will supplement this disclosure when and if such an expert is retained.

**Attachment C**
**to Plaintiff's Initial Disclosures**

In response to item number (5), Plaintiff describes the following documents (or categories of documents) in possession of herself or undersigned Counsel which may be used to support her claims. Copies of such documents will be provided to Counsel for Defendants as soon as they can be compiled, redacted (where necessary), bates numbered, and produced.

1. Plaintiff's inBalance Performance Evaluation form constituting her annual review for the period from January 2006 until January 2007;
2. Plaintiff's inBalance Performance Evaluation form constituting her annual review for the period from January 2007 until January 2008;
3. Plaintiff's inBalance Performance Evaluation and Development Plan form constituting her mid-year evaluation for the period from March 1, 2010 until October 31, 2010; and
4. Plaintiff's inBalance Performance Evaluation and Development Plan form constituting her annual evaluation for the period from March 1, 2010 until March 1, 2011.

**Attachment D**
**to Plaintiff's Initial Disclosures**

In response to item number (6), Plaintiff states that her monetary damages are the  subject of ongoing investigation, but will include the following categories of damages:

1. Compensatory damages for economic losses including lost wages, benefits, development opportunities, and opportunities for advancement and promotion, as well as back pay and front pay (through such time as Plaintiff obtains or obtained substantially equivalent replacement employment);
2. Compensatory damages for emotional distress, pain, and suffering caused by SunTrust's unlawful behavior; and
3. Expenses of litigation and reasonable attorneys' fees.

Plaintiff is not presently in possession of any documents or other evidentiary material (other than privileged attorney work product and attorney-client communications) on which any damages computation is based.  This disclosure will be supplemented before trial if Plaintiff comes into possession of such documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN RIAPOS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 1:13-cv-596-TCB-JSA |
| | ) | |
| SUNTRUST BANK, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this day, I served a copy of the within and foregoing **Plaintiff's Initial Disclosures** on all counsel of record by filing a copy of the same with the Court's CM/ECF system which will automatically send a copy to the following counsel of record:

Tony Ventry
Sharon P. Morgan
Elarbee, Thompson, Sapp, & Wilson, LLP
800 International Tower
229 Peachtree St., NE
Atlanta, GA 30303
ventry@elarbeethompson.com
morgan@elarbeethompson.com

This 6th day of June, 2013.

*s/ Jennifer K. Coalson*
Jennifer K. Coalson